# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.M.H., et al.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.: 19-cv-1457 AJB (AHG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT UNITED STATES' MOTION TO STAY ENTIRE CIVIL ACTION PENDING CONCLUSION OF CRIMINAL PROCEEDINGS**<br><br>(Doc. No. 11) |

Presently before the Court is Defendant United States' motion to stay entire civil action pending conclusion of criminal proceedings. (Doc. No. 11.) As explained below, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion to stay.

## **BACKGROUND**

This action arises out of an accident involving an employee of the United States Postal Service and Sergio Mora Hernandez ("Decedent"). (Doc. No. 1 ¶ 1.) As alleged in the complaint, Ericka Marie Dotson "drove her vehicle into Decedent's lane of travel and directly into the path of Decedent's plainly visible oncoming vehicle." (*Id.* ¶ 2.) On May 20, 2019, Dotson was charged with one count of vehicular manslaughter. (*Id.* ¶ 3.) The

1

19-cv-1457 AJB (AHG)

criminal action is currently pending in the Superior Court in the matter captioned *The People of the State of California v. Ericka Marie Dotson*, Case No. CN400344. (Doc. No. 11 at 3.) The matter is set for trial on January 13, 2020. (Doc. No. 19 at 4.) On October 4, 2019, Defendant filed the present motion to stay the entire civil action pending conclusion of criminal proceedings. (Doc. No. 11.) This Order follows.

## **LEGAL STANDARD**

The Constitution does not require a stay of civil proceedings until the conclusion of criminal proceedings. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citing *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 889, 902 (9th Cir. 1989)). A court must consider the specific circumstances and competing interest in the case in determining whether to stay a civil case pending the outcome of the parallel criminal proceedings. *Molinaro*, 889 F.2d at 902. Courts must consider "the extent to which the defendant's fifth amendment rights are implicated" and should also consider the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating*, 45 F.3d at 324–25 (citing *Molinaro*, 889 F.2d at 902–03). "A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating*, 45 F.3d at 326.

## **DISCUSSION**

Defendant's motion is based on the following four grounds: (1) Plaintiffs' interest in moving forward with their case will not be prejudiced by the stay; (2) Defendant's interest in staying this case is substantial because discovery in this matter may provide the prosecution in the pending criminal litigation with information it would otherwise not be

entitled to; (3) a stay would conserve judicial resources; and (4) a stay would protect the integrity of the criminal justice system. (*See generally* Doc. No. 11.)

First, the issue of the extent to which Dotson's Fifth Amendment rights are substantially implicated must be decided by the Court. Here, Defendant argues that Dotson's Fifth Amendment rights are substantially implicated because she would be subject to, among other things, written discovery and deposition. (Doc. No. 11 at 5.) Plaintiffs assert that Dotson's admissions to her supervisors and the CHP at the scene of the accident reveal the truth. (Doc. No. 18 at 9.) Accordingly, Plaintiffs argue that there can be no further incrimination because there is no basis for the assertion of the privilege. *See Mitchell v. U.S.*, 526 U.S. 314, 326 (1998). Further, Plaintiffs assert that even if Dotson is required to provide testimony it does not substantially implicate her Fifth Amendment privilege. (Doc. No. 18 at 10.) Plaintiffs state that they do not currently seek testimony or other discovery from Dotson at this time. (*Id.*) However, Dotson's former attorney declared that she will be advised to assert her Fifth Amendment rights to avoid prejudicing herself in her pending criminal case. (Doc. No. 19 at 4.) Given the fact that the criminal trial is still pending and Dotson would be subject to discovery, the Court finds that Dotson's Fifth Amendment right is in fact substantially implicated.

The Court now considers the first of the *Molinaro* factors. Defendant asserts that Plaintiffs will not be prejudiced by a short stay and that the evidence is preserved. Plaintiffs argue that the stay will be prejudicial since Dotson has successfully continued her trial date and there is no guarantee that her current trial date will not be continued in the future. Further, Plaintiffs assert that Dotson may delay the final disposition of her case for years to come with an appeal. However, this is all simply speculative. Currently, Dotson's criminal trial is set for January 13, 2020. This is less than a month away from the date of this Order. Accordingly, any prejudice Plaintiffs would suffer for a short time is minimal.

The second *Molinaro* factor is the burden of the proceedings that may be imposed on defendants. *See Molinaro*, 889 F.2d at 903. Here, Defendant argues that its interest in obtaining a stay is significant because discovery may convey Dotson's strategy for

3

defending her criminal proceeding and would provide information to the prosecution it would otherwise not be entitled to. Furthermore, Defendant argues that a stay would protect the integrity of the criminal process and ensure Dotson's Fifth Amendment rights were not burdened. Plaintiffs argue it is merely a possibility that Dotson will assert her Fifth Amendment rights. However, Dotson's former counsel specifically declared that she would be instructed to assert her Fifth Amendment right. (Doc. No. 11 at 4.) This would prevent Defendant from having its own account of the accident, and thus, prevent Defendants from being able to properly argue its defense. The Court finds that Defendant would suffer prejudice if a stay was not obtained.

The third *Molinaro* factor is the convenience of the Court in management of its cases and the efficient use of judicial resources. *See Molinaro*, 889 F.2d at 903. Here, a stay would allow for the conservation of judicial resources since the completion of the criminal case may reduce discovery in the civil case.

The fourth *Molinaro* factor is the interests of persons not parties to the civil litigation. *See Molinaro*, 889 F.2d at 903. The Court is unaware of the interests of persons not parties to this instant litigation.

Finally, the fifth *Molinaro* factor is the interest of the public in the pending civil and criminal litigation. *See Molinaro*, 889 F.2d at 903. Here, Plaintiffs do not argue that this factor weighs against a stay. The public has an interest "in a well-functioning criminal justice system." *See Halliday v. Spjute*, No. 07-CV-00620 AWI GSA, 2008 WL 5068588, at *4 (E.D. Cal. Nov. 25, 2008). Accordingly, the Court finds that this factor also weighs in favor of a stay.

Plaintiffs argue that the goal of preservation of evidence is undermined by a stay. (Doc. No. 18 at 16.) Plaintiffs explain that evidence has already been lost in the case since the USPS truck was unfortunately repaired prior to Plaintiffs being able inspect the vehicle. However, while the Court understands the gravity of the issue of evidence preservation, there is no evidence that a short stay would impact the preservation of evidence. The car was unfortunately repaired prior to the stay being sought. Furthermore, there is video of

4

the accident. Plaintiffs have access to the motorcycle, photographs from the scene of the accident, police reports from the California Highway Patrol, and an autopsy report from the County of San Diego Medical Examiner's Office.

The Court believes some of Plaintiffs' arguments against a stay will be mitigated as the Court finds that a complete stay of the case is unnecessary. The Court finds that the best option is to allow for a stay with an exception that damages discovery will be allowed. Further, the Court will only allow this partial stay until the resolution of the criminal trial, not including any appeal that may be sought, set for January 13, 2020. If the trial is continued for a period longer than sixty (60) days, Plaintiffs may apply to lift the stay.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion to stay entire civil action pending conclusion of criminal proceedings.

**IT IS SO ORDERED**.

Dated: December 23, 2019

Hon. Anthony J. Battaglia
United States District Judge