UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY MORA HERNANDEZ, individually and as Special Administrator of the Estate of Sergio Mora Hernandez; and KMH, a minor, by and through his Guardian Ad Litem, IRLANDA HERNANDEZ ECHEVERRIA,<br><br>                                    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                                    Defendant. | Case No.: 3:19-cv-1457-AHG<br><br>**ORDER GRANTING PETITION FOR APPROVAL OF MINOR'S COMPROMISE**<br><br>**[ECF No. 49]** |

Before the Court is the *ex parte* petition of Irlanda Hernandez Echeverria, mother and court-appointed guardian *ad litem* of minor Plaintiff K.M.H., for approval of the compromise of K.M.H.'s disputed claims. ECF No. 49. After reviewing the Petition and all supporting documents, and for the reasons discussed below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Plaintiff K.M.H. ("Plaintiff") is a minor appearing by and through his mother and court-appointed guardian *ad litem*, Irlanda Hernandez Echeverria. ECF Nos. 6, 9. Plaintiff, who was thirteen-years-old at the time, lost his father in a collision in which a United States Postal Service vehicle struck Plaintiff's father's motorcycle while making an unlawful left-hand turn. ECF No. 49 at 2; ECF No. 26 at ¶¶ 1–2. Plaintiff's father passed away at the hospital approximately three days after the September 21, 2018 collision. ECF No. 26 at ¶ 2; ECF No. 49 at 2. Plaintiff's father had supported him emotionally, financially, and parentally, and Plaintiff sought therapy to assist him in dealing with the loss. ECF No. 49 at 2, 42, 43. He and his adult brother filed this action under the Federal Tort Claims Act ("FTCA"), alleging that their injuries[1] were caused by the negligence of Defendant's employee and authorized agent. ECF No. 26 at ¶¶ 2, 12–14.

On October 4, 2020, Ms. Echeverria filed an *ex parte* petition for approval of the minor's compromise of claims. ECF No. 49. In the Petition, she requests that the Court approve the proposed settlement. Under the terms of the settlement, Plaintiff agreed to accept $625,000 in exchange for dismissing his claims against Defendant, as did his adult brother, for a total of $1,250,000. *Id*. at 3–4, 15–19. Specifically, Defendant has agreed to issue one check in the amount of $451,401.26 made payable to Plaintiff's counsel's trust account. *Id*. at 15. Defendant has also agreed to issue one check in the amount of

---

[1] Plaintiff's adult brother alleged "harm in the form of reasonable and necessary medical bills and expenses, as well as funeral, burial and related expenses." ECF No. 26 at ¶ 16. Plaintiff, as well as his brother, also alleged harm because "as Decedent's biological sons and heirs, [they] have been and will forever be denied the love, companionship, comfort, care, assistance, protection, affection, society, moral support, financial support, gifts, training, company, advice, guidance and related benefits that only a father can provide." *Id*.

$798,598.74 made payable to JMW Settlement LLC[2] for the purchase of two annuity contracts. *Id*. at 17. The first annuity premium of $375,799.37 will fund periodic payments to Plaintiff's adult brother. *Id*. at 18. The second annuity premium of $422,799.37 will fund periodic payments to Plaintiff. *Id*. at 19.

The parties consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c) for entry of an order approving the minor's compromise petition, and for conducting all further proceedings in this case. ECF No. 43. This Order follows.

## II.   LEGAL STANDARD

It is well settled that courts have a special duty to safeguard the interests of litigants who are minors in the context of settlements proposed in civil suits. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* FED. R. CIV. P. 17(c) (district courts "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*."). To facilitate courts within this district fulfilling the duty to safeguard, Local Rule 17.1(a) provides that "[n]o action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed or terminated without

---

[2] The Court notes that the Periodic Payment Illustration refers to "JMW Settlements Inc.," while the settlement agreement refers to "JMW Settlements LLC." *Compare* ECF No. 49 at 12–13 *with id*. at 14–28.

court order or judgment." CivLR. 17.1(a).[3] This requires the Court to question if the settlement is in the best interests of the minor and consider not only the fairness of the settlement, but the structure and manner of the plan for the payment and distribution of the assets for the benefit of the minor.

The Ninth Circuit established that courts reviewing the settlement of a minor's federal claim should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. They should also "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Robidoux*, 638 F.3d at 1182.

The Ninth Circuit limited its decision to "cases involving the settlement of a minor's <u>federal</u> claims." *Id.* at 1181–82 (emphasis added). Because FTCA claims are governed by substantive state law, approval of their settlement may be governed by state law rather than limited by *Robidoux*. *See A.M.L. v. Cernaianu*, No. LA-CV12-06082-JAK-RZx, 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014) (collecting cases). Under California state law, the court is tasked with evaluating the reasonableness of the settlement and determining whether the compromise is in the best interest of the minor, with "broad power" "to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." *See Espericueta v. Shewry*, 164 Cal. App. 4th 615, 619–20 (2008); *Goldberg v.*

---

[3] Under the Local Rules, "the parties may, with district judge approval, consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c) for entry of an order approving the entire settlement or compromise." CivLR 17(a); *see* ECF No. 43.

*Superior Court*, 23 Cal. App. 4th 1378, 1382 (1994). In this case, however, it is not necessary for the Court to resolve the question of whether *Robidoux* or state rules apply. The outcome is the same. *See A.M.L.*, 2014 WL 12588992, at *3 (finding it unnecessary for the court to resolve whether *Robidoux* or state rules applied to the approval of a minor's compromise in a case involving state tort law claims under the FTCA, where the proposed settlement would satisfy both standards); *see, e.g.*, *R.N. v. United States*, No. 17cv1583-L-BGS, 2019 WL 6724338, at *2 n.2 (S.D. Cal. Dec. 11, 2019) (same); *Estate of Alvarado v. Tackett*, No. 13cv1202-LL, 2019 WL 4573714, at *3 (S.D. Cal. Sept. 20, 2019) (same).

### III. DISCUSSION

On September 2, 2020, the parties represented to the Court that this matter settled at private mediation. Email to Chambers (Sept. 2, 2020 at 2:37 p.m.). In settling the case, the parties understood that if the settlement is approved by the Court, Plaintiff will be forever barred from seeking any further recovery or compensation from Defendant on the claims that are proposed to be dismissed. ECF No. 49 at 14–15, 25. The parties then consented and agreed to assign the matter to the undersigned for all future proceedings, including issuing the order on the minor's compromise. ECF No. 43. Fulfilling the special duty of the court to safeguard the interests of a minor in such a situation, this Court will analyze the proposed settlement, the method of disbursing Plaintiff's net recovery, and the proposed attorney fees and costs.

### A. Proposed Settlement

Under the terms of the settlement, Plaintiff agreed to accept $625,000 in exchange for dismissing his claims against Defendants. ECF No. 49 at 3–4, 15–19. Ms. Echeverria states in the Petition that all expenses, liens, and fees have been split equally between the Plaintiff and his adult brother, since both brothers are receiving the same gross settlement amount. *Id*. at 4. Dr. Michael Campbell holds a $910 medical lien for evaluating both brothers, and Dr. Rochelle Perper holds a $1,500 medical lien for providing therapy to both brothers. *Id*. at 42–43. Plaintiff's *pro rata* portion of the medical liens is $1,205. *Id*. at 5. Additionally, the Department of Health Care Services ("DHCS") holds a medical lien of

$55,951.15 for Medi-Cal treatment of Plaintiff's father's injuries after the collision. *Id*. at 41. However, DHCS will accept $39,887.15 to satisfy its lien. *Id*. at 5, 38–40. Plaintiff's *pro rata* portion of the DHCS liens is approximately[4] $19,943.60. The litigation costs in this case include $1,266.42 from Dicks & Workman and $48,337.63 from jD Law. *Id*. at 54–60. Plaintiff's *pro rata* share of the costs is $24,802.03. *Id*. at 6. The attorney fees for Plaintiff alone are $156,250. *Id*. Therefore, if approved by this Court, Plaintiff's net settlement amount would be $422,799.37.[5] *Id*.

This action commenced on August 2, 2019. ECF No. 1. Ms. Echeverria filed the instant motion for approval of the minor's compromise on October 4, 2020, nearly two months before the final pre-trial conference was set to be held. *See* ECF No. 35 at 5. The parties engaged in discovery for approximately seven months, and thus had thoroughly developed this case over the course of the litigation. *See* ECF Nos. 30, 38. The Court finds that the proposed settlement allows for the certainty of recovery for the minor Plaintiff, as opposed to the uncertainty associated with a trial.

In addition, the Court has performed its own review of cases involving facts similar to those at issue here and finds Plaintiff's net recovery of $422,799.37 to be fair and reasonable under the circumstances. *See, e.g.*, *Paregien v. Wilshire Ins. Co.*, No. 1:15-cv-1621-AWI-JLT, 2017 U.S. Dist. LEXIS 51498, at *3, *8–*9 (E.D. Cal. Apr. 4, 2017) (finding 6-year-old plaintiff's net payment of $4,564,753.45 to be fair and reasonable, when her mother and grandmother were killed in a vehicle accident, requiring her to be adopted); *Toscano v. City of Fresno*, No. 1:13-cv-1987-SAB, 2017 U.S. Dist. LEXIS

---

[4] The Petition lists the total medical expenses owed by Plaintiff to be $21,148.60. ECF No. 49 at 6. When one subtracts the $1,205 therapy liens, the difference is $19,943.60. However, the Court notes that half of $39,887.15 is actually $19,943.58. Due to the *de minimis* difference, and the time and effort of the parties needed to re-compute the annuity, the Court will use the parties' figures.

[5] $625,000 - $1,205 - $19,943.60 (*see supra* note 4) - $24,802.03 - $156,250 = $422,799.37.

22516, at *2, *9 (E.D. Cal. Feb. 16, 2017) (finding minor plaintiffs' net recovery of $83,049.84 for each of three children to be fair reasonable, when their father, who was riding a bicycle, was ran over and killed by a police vehicle); *De Aguilar v. N. R.R. Passenger Corp.*, No. 02cv6527-LJO-GSA, 2009 WL 10711001, at *2–*3 (E.D. Cal. Apr. 17, 2009) (finding 14-year-old plaintiff's net recovery of $37,057.46 to be fair and reasonable, when her father had been killed in a vehicle collision with a train); *R.M. v. United States*, No. 2:17-cv-7344-ODW-JC, ECF No. 85, Order Approving Minor Plaintiffs' Compromise of Pending Action (C.D. Cal. Jan. 27, 2020) (finding minor plaintiff's net recovery of $249,700 for each of three children to be fair and reasonable, when a United States Postal Service truck ran over and killed the minor plaintiffs' mother); *see cf. Garlick v. County of Kern*, No. 1:13-cv-1051-LJO-JLT, 2016 U.S. Dist. LEXIS 97524, at *5 (E.D. Cal. July 22, 2016) (finding minor plaintiffs' net payment of $300,000 for each of four minor children to be fair and reasonable, when their father was killed during an altercation with law enforcement officers); *E.S. v. City of Visalia*, No. 1:13-cv-1697-LJO-BAM, 2015 WL 6956837, at *1–*2 (E.D. Cal. Nov. 3, 2015) (finding minor plaintiff's net payment of $130,444.83 to be fair and reasonable, when the minor's father was shot and killed by a police officer).

Based upon a consideration of the facts, Plaintiff's claims, the risks associated with trial, and the recoveries in similar actions, the Court concludes the proposed settlement is fair and reasonable under both California and federal law standards.

### B. Method of Disbursement

Courts can use a wide variety of methods for the disbursement of settlement funds to a minor. *See* CAL. PROB. CODE § 3600 *et. seq.* Here, Ms. Echeverria requests that Plaintiff's net settlement be used to purchase a structured settlement annuity through JMW Settlements Inc., which would use rates from a life insurance company rated at least an A+ by A.M. Best Company. ECF No. 49 at 9, 12, 18–19.

The Court has considered the structured annuity quote provided by JMW Settlements Inc. and the methods of disbursement chosen by the minor Plaintiff's guardian

*ad litem*. *Id*. This method provides that the balance of settlement be placed in an account with disbursements to be made over a period of years. Specifically, the $422,799.37 check will be invested in a single-premium deferred annuity. *Id*. at 9, 19. This would provide Plaintiff with a $20,000 payment at age 18 for a new car, a $3,000 per month education stipend for five years beginning at age 18, $10,000 paid semi-annually for two years of community college beginning at age 18, and $15,000 paid semi-annually for three years of UC college beginning at age 20. *Id*. at 12. This annuity would also provide Plaintiff with guaranteed lump sum payments of approximately $20,000, $30,000, $40,000, and $67,000, payable at ages 27, 30, 35, and 40, respectively. *Id*. The parties have agreed that these annuity payments cannot be accelerated, deferred, increased, or decreased. *Id*. at 20.

The terms of the annuity adequately protect Plaintiff by providing that the bulk of the settlement be released after he has reached the age of majority. The Court finds that the methods of disbursements appear to be fair, reasonable, and within the bounds of applicable law. *See* CAL. PROB. CODE § 3602(c)(1) (providing as option that funds be deposited into a deferred annuity).

### C. Attorney Fees and Costs

Attorney fees and costs are typically controlled by statute, local rule, or local custom. Generally, fees in minors' cases have historically been limited to 25% of the gross recovery. In California, courts are required to approve the attorney fees to be paid for representation of a minor. *See* CAL. PROB. CODE § 2601; Cal. Rule of Ct. 7.955.[6] In instances where a contingency fee has been proposed, "most courts require a showing of good cause to award more than 25% of any recovery" whereas a greater reward is "rare and justified only when counsel proves that he or she provided extraordinary services."

---

[6] Similarly, San Diego Superior Court Civil Rule 2.4.6.2 states that, regarding a minor's compromise, "the court will determine the amount of costs, expenses, and attorney's fees to be allowed from the proceeds of the settlement. Absent extraordinary circumstances, attorney's fees will not exceed 25% of the gross proceeds of the settlement."

*Schwall v. Meadow Wood Apts.*, No. CIV. S-07-0014 LKK, 2008 WL 552432, at *1–*2 (E.D. Cal. Feb. 27, 2008) (internal quotation marks omitted).

Plaintiff's counsel seeks $156,250 in attorney fees, a sum that represents 25%[7] of the gross settlement. ECF No. 49 at 6. The Court finds Plaintiff's request for attorney fees to be permitted under the FTCA. *See* 28 U.S.C. § 2678; *Napier v. San Diego*, No. 15-cv-581-CAB-KSC, 2017 WL 5759803, at *9 (S.D. Cal. No. 28, 2017) ("Generally, fees in minors cases have historically been limited to 25% of the gross recovery"). Given the duration of this case, Plaintiff's counsel's experience,[8] the amount of work performed by Plaintiff's counsel, and the fee request's adherence to both the FTCA's limits and the historically-applied limit in cases involving minors, the Court finds that the requested amount of attorney fees is reasonable and does not suggest that the settlement was unfair.

Additionally, in the instant motion, Plaintiff's counsel set forth costs accrued over the past year of litigation totaling $49,604.05,[9] of which Plaintiff's *pro rata* share is $24,802.03. ECF No. 49 at 6, 54–60. These costs include: $12,883.76 for accident reconstruction, $9,250 for mediation, $1,979 in interpreting services, $14,177.71 in deposition court reporting and video fees, $341.95 in witness fees, $2,293.57 for cell phone inspections, $376.54 in obtaining medical records, $3,327.19 in copying and postage costs,

---

[7] The contingency fee in Plaintiff's attorney-client retainer agreement is "25% of all amounts recovered by way of settlement, if the matter is settled before service of the first expert witness designation, or 25% of all amounts recovered after service of the first expert witness designation." ECF No. 49 at 61.

[8] For example, James N. Dicks has over 30 years of trial experience, including death-by-vehicle cases, and was formerly a law enforcement officer with significant investigatory experience. ECF No. 49 at 50. Joseph G. Dicks and Linda G. Workman have been practicing law in California for 32 years, with extensive litigation experience involving automobile accidents, personal injury, and complex litigation. *Id*.

[9] Plaintiff's counsel represents to the Court that the total costs exceed this total, because they chose not to bill Plaintiff for LexisNexis legal research charges, nor the $3,000 in legal fees for establishing the estate and appointing a special administrator. ECF No. 49 at 53.

$1,710.08 in court and service costs, and $719.25 in reimbursement for towing the decedent's motorcycle. *See id*. at 54–60. This litigation settled nearly three months before the final pretrial conference, after seven months of discovery and after the facts of the case had been thoroughly investigated. *See* ECF Nos. 30, 35, 38. Thus, the Court finds that the costs incurred are fair and reasonable under the circumstances. *See* ECF No. 49 at 46–49; *see, e.g.*, *L.M. v. Kern High Sch. Dist.*, No. 17cv1123-DAD-JLT, 2019 WL 1099983, at *2 (E.D. Cal. Mar. 8, 2019) (finding costs of $20,811.49 to be fair and reasonable where the costs reflected private mediation charges, filing fees, costs associated with service of process, witness fees, costs associated with the obtaining of copies of medical records, and transcripts, court reporter, and videographer fees for sixteen depositions); *Henry A. v. Willden*, No. 10cv528-RCJ-PAL, 2015 U.S. Dist. LEXIS 8159, at *25 (D. Nev. Jan. 22, 2015) (finding the parties' compromise of $500,000 in combined attorney fees and costs, where costs totaled $124,064.84, to be fair and reasonable, because Plaintiffs achieved "significant results" in reaching a $1,575,000 settlement).

## IV. CONCLUSION

For the reasons set forth above, after reviewing the *ex parte* Petition for Approval of Minor's Compromise of Claims and supporting documents (ECF No. 49), the Court finds that the proposed settlement of Plaintiff's claims in the amount of $625,000, with a net recovery of $422,799.37, is fair and reasonable and **GRANTS** the Petition. Accordingly, the Court **ORDERS** that the settlement funds be disbursed as follows, in accordance with the parties' Stipulation (ECF No. 49 at 14–36):

1.  The complete and precise terms and conditions of the parties' settlement are set forth in the Stipulation for Compromise Settlement and Release of FTCA Claims (hereinafter "Stipulation"). ECF No. 49 at 14–36. The Court has reviewed the Petition, its supporting documents, and the Stipulation, and is fully informed of the specifics of the full and final terms and conditions of the settlement, including the necessity of the approval by the Attorney General of the United States. The Court finds that the terms and conditions of

this settlement, as set forth in the Stipulation, are fair, reasonable, and in the best interests of Plaintiff.

2. The Court approves $1,205 to be deducted from Plaintiff's gross settlement recovery for Plaintiff's share of the medical liens from Dr. Campbell and Dr. Perper.

3. The Court approves $19,943.60 to be deducted from Plaintiff's gross settlement for Plaintiff's share of the DHCS liens.

4. The Court approves $24,802.03 to be deducted from Plaintiff's gross settlement recovery for Plaintiff's share of the litigation costs.

5. The Court approves $156,250 to be deducted from Plaintiff's gross settlement recovery for Plaintiff's share of attorney fees.

6. Plaintiff's gross settlement recovery is $625,000, and the balance of his settlement after payment of liens, attorney fees, and costs is $422,799.37. The Court finds this to be fair and reasonable.

7. The total settlement amount shall be distributed according to the terms and conditions of the Stipulation. For example, Defendant shall issue an Upfront Cash check made payable to Plaintiff's counsel's trust account ("Dicks & Workman APC Trust Account fbo Henry Mora Hernandez and K.M.H."), from which Plaintiff's counsel will retain litigation costs, attorney fees, and liens. Defendant shall issue one check made payable to JMW Settlements[10] for the purchase of two annuity contracts from a life insurance company rated not less than A+ by A.M. Best Company. The second annuity premium of $422,799.37 will fund periodic payments to Plaintiff.

8. As to Plaintiff, the settlement as set forth in the Stipulation is hereby approved. Ms. Echeverria is authorized and required to sign the Stipulation and any other documents that are necessary to consummate this settlement on behalf Plaintiff, and to provide any

---

[10] The Court again notes that the Periodic Payment Illustration refers to "JMW Settlements Inc.," while the settlement agreement refers to "JMW Settlements LLC." *Compare* ECF No. 49 at 12–13 *with id*. at 14–28.

information and documentation necessary to consummate and cause the Defendant to pay the settlement.

9. The Court **SETS** a telephonic Settlement Disposition Conference ("SDC") for **December 1, 2020** at **10:00 a.m.** before the Honorable Allison H. Goddard. Counsel shall call the chambers teleconference line at **1-877-873-8018** and use **8367902** as the access code to join the conference. If a joint motion to dismiss with prejudice is filed before that date, the Court will take the conference off calendar.

**IT IS SO ORDERED**.

Dated: October 13, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge